**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Ahmed Herrera Angarica, | No. CV-26-01263-PHX-KML (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Luis Rosa, Jr., et al., | |
| Respondents. | |

On February 23, 2026, petitioner Ahmed Herrera Angarica filed a petition for a writ of habeas corpus challenging his continued detention and the procedures the government employed when it revoked a previous order releasing him on his own recognizance. (Doc. 1 at 7-8.) In response, the government provided evidence Angarica's removal order became final on February 17, 2026.[1] (Docs. 10 at 2; 10-1 at 4; 21 at 8.) Angarica's reply attached, but did not address the import of, the final removal order. (Doc. 21 at 2-8.)

"[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). "During the [90-day] removal period, the Attorney General shall detain the alien." 8 U.S.C. § 1231(a)(2). After the 90-day removal period, the Attorney General has discretionary authority to detain certain aliens or to release them under an order of supervision. 8 U.S.C.

---

[1] Angarica reserved his right to appeal the immigration judge's order, which issued January 15, 2026. (Doc. 21 at 8.) Respondents' evidence shows Angarica did not file an appeal (Doc. 10-1 at 4), so his removal order became final 30 days later. *See* 8 C.F.R. § 1241.1(c) (providing that removal order becomes final "[u]pon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time"); 8 C.F.R. § 1003.38(b) (2022) (allowing "30 calendar days" for filing a notice of appeal to the BIA).

§ 1231(a)(6). However, an alien's detention for six months following the beginning of the removal period is "presumptively reasonable." *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). "[A]n alien ordered removed whose removal is not reasonably foreseeable cannot raise a colorable claim for release under the Due Process Clause of the Fifth Amendment until at least 90 days of detention [under § 1231(a)(2)] have passed." *Khotesouvan v. Morones*, 386 F.3d 1298, 1299 (9th Cir. 2004).

It is unclear whether an alien can raise a colorable claim for release in the period between 90 days and six months. *Compare Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (the "six-month period must have expired at the time [the habeas petition] was filed in order to state a claim under *Zadvydas*"), *with Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018) ("The Supreme Court in *Zadvydas* outlined a 'guide' for approaching these detention challenges, not a prohibition on claims challenging detention less than six months.") (internal citation omitted). Assuming such a claim can be raised, a petitioner must make a strong showing in the 90-day-to-six-month period. *See Cesar v. Achim*, 542 F. Supp. 2d 897, 903 (E.D. Wis. 2008) ("Within the six-month window, the *detainee* must *prove* the unreasonableness of detention, and courts must accord great deference to Executive Branch determinations based on foreign policy expertise and administrative necessity.").

Angarica has not made the strong showing necessary to prove the unreasonableness of his detention given he is still within the six-month presumptively-reasonable period. His reply addresses only his due-process challenges to respondents' initially taking him into custody, which are now moot. *See Fofana v. Melendez*, 227 F. App'x 674, 675 (9th Cir. 2007) (detention pursuant to final order of removal mooted due-process challenges to pre-order detention). He provides no evidence or argument showing his removal is not reasonably foreseeable, as is his burden during this time period. His petition requesting immediate release is therefore denied and the claims in his current petition are dismissed. If respondents are unable to remove Angarica within the six-month presumptively-reasonable period, he may file a new petition asserting a claim based on prolonged

- 2 -

detention.

**IT IS ORDERED** the petition for writ of habeas corpus (Doc. 1) is **DENIED**. The Clerk of Court shall enter judgment in favor of respondents and close this case.

Dated this 10th day of July, 2026.

Honorable Krissa M. Lanham
United States District Judge

- 3 -